BERNARDO TAVARES vs. ARDELIA C. DEWING.

JANUARY 11, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   New Trial.   Notice to Adverse Party.*

Gen. Laws, 1909, cap. 298, §§ 15 and 16, provide two ways in which notice
of the pendency of a motion for a new trial may be secured to the ad-
verse party (1) a notice under Section 15 from the party filing the motion
and (2) notice under Section 16 ordered by the court at the time such motion
is assigned for hearing, provided the notice has not been given under Section
15.

*(2)   New Trial.   Notice to Adverse Party.*

Where no notice of the filing of a motion for new trial was given under Gen.
Laws, 1909, cap. 298, § 15, by the moving party, and the motion was
assigned for hearing by the court and no notice was ordered by the court
to be given to the adverse party under Section 16, and the motion was
heard and denied, upon filing of bill of exceptions it would be the duty of
the court to return the case to the Superior Court to again hear the motion
for new trial after ordering proper notice, unless such course would result
in delaying final determination of the matter, with additional expense,
without any reasonable prospect that it would serve any useful purpose.

TRESPASS ON THE CASE for negligence.   Heard on motion
of plaintiff to dismiss defendant's bill of exceptions and
denied.

VINCENT, J.   The plaintiff brought suit against the
defendant in the Superior Court on June 13, 1910, to recover
damages for personal injuries alleged to have been suffered
by him through the negligence of the defendant.   After
various proceedings in the Superior Court and in this court
which need not now be set forth in detail, the plaintiff on
the 30th day of January, 1914, recovered a verdict against
the defendant with damages assessed in the sum of $4,000.
In the meantime, on July 26, 1912, the plaintiff had
deceased testate and Jose B. Bento had been appointed
executor of the will and had entered his appearance as party
plaintiff.   On February 5, 1914, the defendant filed a

motion for a new trial which on March 7, 1914, was heard and denied and the defendant's exception noted.

The Superior Court, upon the application of the defendant, granted several extensions of time for filing the bill of exceptions and the same was finally filed on October 10, 1914.

On October 16, 1914, the plaintiff appeared specially and filed a motion in the Superior Court to dismiss the defendant's bill of exceptions "on the ground that the court has no jurisdiction to allow the same, and on the ground that the notice of the intention to file said bill of exceptions was too late, and that the said notice was filed long after the time allowed therefor by law had expired and that no notice has ever been given according to law to the plaintiff or his attorney of record of the filing of the defendant's motion for a new trial."

This motion was heard in the Superior Court on October 16, 1914, was dismissed and exception noted, and on the the same day the defendant filed her bill of exceptions and a transcript of the testimony whereupon the same was certified and transmitted to this court. The plaintiff has now filed a motion here to dismiss the defendant's bill of exceptions upon the same grounds set forth in his prior motion in the Superior Court, and the questions raised by such motion are the questions now before us.

The plaintiff's contention is that the defendant, upon filing her motion for a new trial in the Superior Court, failed to give the notice which the statute requires in such cases and accordingly there is no jurisdiction enabling the Superior Court or this court to lawfully hear and determine the same.

The statutory provisions bearing upon the question of notice to the adverse party are to be found in Sections 15 and 16 of Chapter 298, General Laws of Rhode Island, 1909, which sections are as follows:

"Sec. 15. The party filing a motion for a new trial shall within two days thereafter give notice of the same to the adverse party or his attorney of record.

"Sec. 16.    Motions for a new trial shall be in order for hearing or for assignment upon the motion-day occurring next after three days from the filing thereof.    If notice has not been given as provided in Section 15, the court shall assign said motion for hearing and order notice thereof to be given to the adverse party.    Motions for new trial shall be heard and decided by the justice who presided at the trial.    In case the justice, by reason of absence or disability, shall be unable to hear such motion, the same may be heard and decided by any other justice in the Superior Court."

It appears from the affidavits of counsel upon both sides of the case that neither of them were present in the Superior Court when the motion for a new trial was assigned for hearing.    Counsel for the plaintiff, intentionally or accidentally, are very guarded in the statements made in their affidavits, confining themselves to a denial that they have been "served" with any notice of the pendency of the defendant's motion for a new trial, without specifically stating that notice did not reach them in some other way.

The defendant filed her motion for a new trial on February 5, 1914, and there is no evidence that she gave, within two days thereafter, the notice required by Section 15.

The motion for a new trial was put down for hearing for March 7, 1914, without the intervention of any of the counsel concerned in the case, and therefore the only reasonable conclusion is that it was so assigned by the court, as provided in Section 16.

The evident purpose and object of the statute disclosed in these two sections is to secure to the adverse party notice of the pendency of the motion for a new trial in order that he may appear and be heard thereon.    The two sections taken together offer two ways in which this end may be accomplished:    (1) a notice under Section 15 emanating from the party filing the motion;    and (2) a notice under Section 16 ordered by the court at the time when such motion is assigned for hearing, provided the notice

mentioned in the prior section has not been given. If the Superior Court failed in the assignment of the motion to order the notice to the adverse party, as required by Section 16, such failure would be the fault of the court and not of the defendant and the results thereof should not be visited upon the latter. An examination of the papers in the case does not disclose any evidence of notice ordered by the court, and therefore assuming that there was no such notice we think it would be our plain duty to send the case back to the Superior Court with direction to again hear the motion for new trial after ordering proper notice to the adverse party as provided by statute. Inasmuch, however, as the adoption of such a course would result in delaying the final determination of the matter and add to the expenses of the litigation without any reasonable prospect that it would serve any useful purpose, and as counsel for the plaintiff has advised this court, through his brief, that should the court reach the view of the case above indicated he would prefer that the defendant's bill of exceptions should stand and avoid the delay which a useless remission to the Superior Court would occasion, the plaintiff's motion is denied and dismissed.

*A. B. Crafts*, for plaintiff.
*N. W. Littlefield*, for defendant.